IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| In Re: | Case No.: 15-61403 |
| --- | --- |
| Darryl S. Bair | Chapter 13 Proceedings |
| Debtor(s) | Chief Judge Russ Kendig |

**OBJECTION TO CITIFINANCIAL SERVICING LLC's SCHEDULED PROOF OF CLAIM (CLAIM #9)**

************************************************************************

Now comes Debtor, Darryl S. Bair, by and through undersigned counsel, to respectfully object to the Scheduled Proof of Claim filed by CitiFinancial Servicing, LLC (Creditor) on October 27, 2015.

1. Creditor has claimed $14,116.43 as a secured loan for Debtor's Real Estate located at: 4167 Lincoln St. W, North Lawrence OH 44666. The real property is identifiable through Stark County by Parcel # 72-00390 (legal description, Exhibit "A").
2. Debtor's confirmed Chapter 13 Plan provided that the second mortgage is stripped.
3. The value of the foregoing property from the auditor was $65,200 in 2013. The appraised value of the property as commissioned by the Chapter 13 Trustee as of July 21, 2015 is $27,000. (Exhibit "B").
4. At the time of the filing of the petition the following mortgages were held against Debtor's real estate:
    a. Specialized Loan Servicing, LLC formerly owned by Wells Fargo Bank NA. -- $58,700.94 with arrears of $8,261.57 (first mortgage, per proof of

        claim #5).

      b. CitiFinancial Servicing LLC – $14,116.43 (second mortgage per proof of claim #9). Stark County Recorder instrument #200712040063603 (Exhibit "C").

5. On February 12, 2018, CitiFinancial Servicing LLC filed a "Release of Mortgage" with the Stark County Recorder's Office Instrument No. 201802120005262 (Exhibit "D").

6. Debtor's confirmed Chapter 13 Plan proposes to pay 100% of all general, unsecured creditors' claims with 2.5% interest.

7. Per National Data Center, accessed September 30, 2019. Creditor's Claim is treated as general, unsecured. Creditor's Proof of Claim provides a mailing address for payments and notice address. However, the Chapter 13 Trustee has been unable to locate said creditor and Creditor has not filed a Notice of Change of Address with the Court in order to receive disbursements.

Wherefore, Debtor prays that this objection is sustained and that Creditor's Proof of Claim filed on October 27, 2015 (claim #9) be disallowed in its entirety and funds held on hand for Creditor shall be returned to Debtor.

                Respectfully submitted,

                /s/ Jennifer E. Donahue
                Jennifer E. Donahue (0095827)
                Attorney for Debtor
                401 W. Tuscarawas St. #400
                Canton, OH 44702
                (330) 456-6505
                (330) 456-6506 (fax)
                *jdonahue@ohiolegalclinic.com*

**NOTICE OF OBJECTION TO CLAIM NO. 9**

Debtor has filed an objection with the court to your Proof of Claim #9 claim in this bankruptcy case.

**The Proof of Claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate of change your claim, then on or before **October 30, 2019,** you or your attorney must file with the court a response to the objection, explaining your position, at:

Clerk of Courts
U. S. Bankruptcy Court
Ralph Regula Federal Building and U.S. Courthouse
401 McKinley Ave SW
Canton, OH 44702-1745

If you mail your response to the court for filing you must mail it early enough so that the court will **receive** it on or before the date stated above.

You must also send a copy to:

Jennifer E. Donahue
Rauser & Associates
401 W. Tuscarawas St #400
Canton, OH 44702

and to the Chapter 13 Trustee at:

Dynele L. Schinker-Kuharich, Chapter 13 Trustee
200 Market Avenue North, Suite 30
Canton, Ohio 44702

If you file a written response to the Objection you must also telephone the Court's Courtroom Deputy at 330-458-2478 to obtain a hearing date and time for your response to be heard by the Court, and you must file a notice of the date and time of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your Proof of Claim.

September 30, 2019

/s/ Jennifer E. Donahue
Jennifer E. Donahue (0095827)
Attorney for Debtor
401 W. Tuscarawas St. #400
Canton, OH 44702
(330) 456-6505

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Objection and Notice were electronically transmitted on or about September 30, 2019 via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail List:

Mia Conner, Adam Hall, Toby Rosen, Denise M. Lescovec, Dynele L. Schinker-Kuharich, & United States Trustee

By Certified Mail, Return Receipt requested to

CitiFinancial Servicing, LLC
PO Box 6043
Sioux Falls, SD 57117-6043

And served by regular U.S. mail to the following parties:

| | | |
|---|---|---|
| Specialized Loan Servicing LLC<br>8742 Lucent Blvd. Suite 300<br>Highlands Ranch, CO 80129 | HSBC Bank USA, National Association<br>14841 DALLAS PKWY SUITE 425<br>Dallas, TX 75254 | Heather M Allman<br>Dannemiller Appraisal Services<br>7453 Starcliff Avenue NW<br>North Canton, OH 44720 |
| AMERICREDIT FINANCIAL SERVICES, INC. DBA GM FINANCIAL<br>P O BOX 183853<br>ARLINGTON, TX 76096 | Darryl Bair<br>14167 Lincoln Street W.<br>North Lawrence OH 44666 | |

/s/Jennifer E. Donahue____
Jennifer E. Donahue (0095827)

Exhibit A

Legal Description

File Number: 98-550-11-2.

Situated in the Township of Tuscarawas, County of Stark and State of Ohio: Situated in the Southwest Quarter of Section 9, Tuscarawas Township, Stark County, Ohio, and starting at an iron pin on the center line of Lincoln Highway where said center line intersects the west line of said quarter section; thence Eastward along the center line of said Highway, and continuing in the same straight line where the highway curves, a distance of 235 feet to a point in the Highway which is the true place of beginning; thence from this point of beginning North 4 degrees 30 minutes East 20 feet to an iron pin; thence continuing North 4 degrees 30 minutes East 280 feet to an iron pin; thence North 89 degrees 11 minutes East 102 feet to an iron pin located on the west line of a 12 foot alley; thence along the West line of said alley, south 4 degrees 30 minutes west 300 feet to a point in said Highway and thence south 89 degrees 11 minutes West 102 feet to the place of beginning, containing 0.71 of an acre.

Parcel # 72-00390

*End Of Legal Description*

[Main File No. 15-61403 Page #1]

Exhibit B

## Supplemental Addendum

File No. 15-61403

| | | | | | |
|---|---|---|---|---|---|
| Borrower | Darryl S Bair | | | | |
| Property Address | 14167 Lincoln St | | | | |
| City | North Lawrence | County Stark | State OH | Zip Code | 44666 |
| Lender/Client | Office of the Standing Chapter 13 trustee | | | | |

To: Toby L. Rosen, Chapter Trustee
400 Tuscarawas St. West, Suite 400
Canton, Ohio 44702

From: Heather M. Allman
RE: Darryl S. Bair
Case No. 15-61403
*****************************************************************************************

I, Heather M. Allman, state that I have performed an appraisal of fair market value of the following real estate, 14167 Lincoln St W, North Lawrence, Ohio 44666, in the County of Stark known as parcel number 7200390 and legal description 9 SW .71A in Tuscarawas Twp.

Based on my inspection of the property, the following is a description of the said property.

The subject is located in an average location within Tuscarawas Twp. Comparable sales are drawn from within Tuslaw Schools and similar condition due to subject repairs needed. Property has wet basement which may have caused damage to furnace(not sure if functioning). Basement estimate is $23,000 to waterproof and repair foundation with french drain due to significant water issues. Lower level toilet not working and second floor shower & sink not working. Trim and flooring not completed on portions of house. There are no closets in bedrooms. Slate roof on barn in need of repair. Comps most relevant are investor type of homes due to property appraised as is with multiple repairs required to make property marketable.

I have reviewed and adjusted the comparable sales in the area to reflect the market value for the subject property.

| Address | Sale Date | Sale Price |
|---|---|---|
| 1. 14542 Lincoln St W, N.Lawrence | 7/23/2015 | $15,500 |
| 2. 14509 Lincoln St W, N.Lawrence | 5/26/2015 | $13,000 |
| 3. 14601 Lincoln St W, N.Lawrence | 3/23/2015 | $6,000 |

The real estate tax value of the above property is $65,200 as of 2014.

The above debtor purchased the property 02/17/1999 for $75,700.

Based on the above, it is my opinion that the fair market value of the real estate is $27,000 as of 7/21/2015.

Additional information supporting the value conclusion including photos of significant repairs are held in my office files and are available upon request.

Heather M. Allman

July 21, 2015

Heather M. Allman(Ohio #2009003495)
Dannemiller Appraisal Services
7453 Starcliff Ave NW
North Canton, Ohio 44720
Phone: 330-830-5650 Fax: 888-892-8343

Form TADD — "WinTOTAL" appraisal software by a la mode, inc. 1-800-ALAMODE

15-61403-rk Doc 15 FILED 07/28/15 ENTERED 07/28/15 14:38:03 Page 3 of 4

4

After recording, return to:
CITIFINANCIAL, INC.

155 WEST LINCOLNWAY SUITE A104
MASSILLON,OH 44647

Instr:200712040063603
P:1 of 4 F:$44.00
12/04/2007
Rick Campbell
12:18PM MTGE
Stark County Recorder
T20070052923

# MORTGAGE

Account Number 110320

THIS MORTGAGE is made this 29th day of November, 2007, between the Mortgagor DARRYL S. BAIR AND KRISTY S. BAIR, HUSBAND AND WIFE (herein "Borrower"),

and the Mortgagee, CITIFINANCIAL, INC., a corporation organized and existing under the laws of Ohio, whose address is 155 WEST LINCOLNWAY SUITE A104 MASSILLON,OH 44647 (herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 16,988.71, which indebtedness is evidenced by Borrower's note dated 11/29/2007 and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on 01/15/2023 ;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with the interest thereon; the payment of all other sums, with the interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the County of STARK, State of Ohio:

Exhibit A (Legal Description)

THE FOLLOWING DESCRIBED REAL PROPERTY SITUATED IN THE TOWNSHIP OF TUSCARAWAS, COUNTY OF STARK AND STATE OF OHIO:SITUATED IN THE SOUTHWEST QUARTER OF SECTION 9, TUSCARAWAS TOWNSHIP, STARK COUNTY, OHIO AND STARTING AT AN IRON PIN ON THE CENTER LINE OF LINCOLN HIGHWAY WHERE SAID CENTER LINE INTERSECTS THE WEST LINE OF SAID QUARTER SECTION; THENCE EASTWARD ALONG THE CENTER LINE OF SAID HIGHWAY, AND CONTINUING IN THE SAME STRAIGHT LINE WHERE THE HIGHWAY CURVES, A DISTANCE OF 235 FEET TO A POINT IN THE HIGHWAY WHICH IS THE TRUE PLACE OF BEGINNING; THENCE FROM THIS POINT OF BEGINNING NORTH 4 DEGREES 30 MINUTES EAST 20 FEET TO AN IRON PIN; THENCE CONTINUING NORTH 4 DEGREES 30 MINUTES EAST 280 FEET TO AN IRON PIN; THENCE NORTH 89 DEGREES 11 MINUTES EAST 102 FEET TO AN IRON PIN LOCATED ON THE WEST LINE OF A 12 FOOT ALLEY; THENCE ALONG THE WEST LINE OF SAID ALLEY, SOUTH 4 DEGREES 30 MINUTES WEST 300 FEET TO A POINT IN SAID HIGHWAY AND THENCE SOUTH 89 DEGREES 11 MINUTES WEST 102 FEET TO THE PLACE OF BEGINNING, CONTAINING 0.71 OF AN ACRE.TAX ID: 72-00390.

BEING THE SAME FEE SIMPLE PROPERTY CONVEYED BY GENERAL WARRANTY DEED FROM ALICE L. LAMBERT WIDOWED TO DARRYL S. BAIR, DATED 02/17/1999 RECORDED ON 02/17/1999 IN INSTRUMENT NO 99011856, IN STARK COUNTY RECORDS, STATE OF OH.

which has the address of 14167 LINCOLN ST, NORTH LAWRENCE, Ohio 44666 (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.


Instr:200712040063603
P:2 of 4  F:$44.00          12/04/2007
Rick Campbell                12:18PM MTGE
Stark County Recorder    T20070052923

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.



Instr:200712040063603
P:3 of 4 F:$44.00 12/04/2007
Rick Campbell 12:18PM MTGE
Stark County Recorder T20070052923

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, court costs, and costs of documentary evidence, abstracts and title reports.**

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property



Instr:200712040063603 12/04/2007
P:4 of 4 F:$44.00 12:18PM MTGE
Rick Campbell T20070052923
Stark County Recorder

and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property, including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Mortgage, Lender shall discharge this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**21. Advances to Protect Security.** Disbursements made by Lender pursuant to paragraph 7 hereof, such as those for the payment of taxes, assessments, insurance premiums or costs incurred for the protection of the Property, shall be advances made pursuant to Section 5301.233 of the Ohio Code.

**22. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 22, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 22, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, with a copy to P. O. Box 17170, Baltimore, MD 21203, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

Darryl S. Bair ________ -Borrower
DARRYL S. BAIR

Kristy S. Bair ________ -Borrower
KRISTY S. BAIR

STATE OF OHIO, Stark County ss:

Executed before me on 29th day of November 2007 by Darryl S. Bair and Kristy S. Bair, husband and wife the individuals who, under penalty of perjury in violation of Section 2921.11 of the Ohio Revised Code, executed the foregoing instrument and that they did examine and read the same and did sign the foregoing instrument, and the same is their free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

[SEAL]

My Commission expires: 3/16/09

________ Notary Public
BRAD S SMITH

This instrument was prepared by:
CITIFINANCIAL, INC. 155 WEST LINCOLNWAY SUITE A104
MASSILLON, OH 44647

(Execution in accordance with Chapter 5301 of the Ohio Revised Code.)

(Space Below This Line Reserved For Lender and Recorder)

201802120005262
R/M 2/12/2018
Rick Campbell 3:34 PM
Stark County Recorder T20180004831
Pages: 1 F:Fees:$32.00 2/12/2018

Exhibit D

When Recorded Return To:
CitiFinancial Servicing, LLC
C/O Nationwide Title Clearing, Inc. 2100
Alt. 19 North
Palm Harbor, FL 34683

**Acct Number**
**Ref # CFN3500250000703**

# RELEASE OF MORTGAGE

**KNOW ALL MEN BY THESE PRESENTS**, that **CITIFINANCIAL SERVICING LLC, A DELAWARE LIMITED LIABILITY COMPANY, SUCCESSOR BY MERGER TO CITIFINANCIAL, INC., AN OHIO CORPORATION** the holder of a certain Mortgage executed by **DARRYL S. BAIR AND KRISTY S. BAIR** (current owner) to **CITIFINANCIAL, INC.**, recorded on in the record of Mortgages, **Instrument # 200712040063603**, in the office of the Recorder of **STARK**, **Ohio**, hereby authorizes the Recorder to discharge the same of record. Property more particularly described as follows (if needed) herein to wit:

Property is commonly known as: 14167 LINCOLN ST, NORTH LAWRENCE, OH 44666-9417.

**Dated this 12th day of February in the year 2018**
**CITIFINANCIAL SERVICING LLC, A DELAWARE LIMITED LIABILITY COMPANY, SUCCESSOR BY MERGER TO CITIFINANCIAL, INC., AN OHIO CORPORATION**

BY: [signature]
**SUSAN SCHOTSCH**
**VICE PRESIDENT**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

STATE OF FLORIDA COUNTY OF PINELLAS

The foregoing instrument was acknowledged before me on this 12th day of February in the year 2018, by Susan Schotsch as VICE PRESIDENT of CITIFINANCIAL SERVICING LLC, A DELAWARE LIMITED LIABILITY COMPANY, SUCCESSOR BY MERGER TO CITIFINANCIAL, INC., AN OHIO CORPORATION, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

[signature]
**CHANDRA J. MORRIS - NOTARY PUBLIC**
**COMM EXPIRES: 03/30/2019**

CHANDRA J. MORRIS
Notary Public - State of Florida
Commission # FF 215250
My Comm. Expires Mar 30, 2019
Bonded through National Notary Assn.

I hereby proclaim this document is an original document, Dated this 12th day of February in the year 2018.

[signature]
**SUSAN SCHOTSCH**
**VICE PRESIDENT**

**Document Prepared By: Dave LaRose/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152**
CFDOJ 402098637 CFSDELR2017 DOCR T121802-11:48:46 [C-1] ECOROH1

*D0029063252*