**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 02:49 PM November 14, 2019**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| DARRYL S. BAIR, | ) | CASE NO. 15-61403 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| | ) | |

Now before the court is the Objection to CitiFinancial Servicing LLC's Scheduled Proof of Claim (the "Objection"), filed by Darryl S. Bair ("Debtor") on September 30, 2019. No responses were filed.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. This is a core proceeding under 28 U.S.C. §157(b)(2)(B), and the court has authority to enter final orders. Pursuant to 28 U.S.C. §§ 1408 and 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on June 30, 2015. On October 27, 2015, CitiFinancial Servicing LLC ("Citi") filed proof of claim #9 (the "Claim"). The Claim was filed as a fully secured claim in the amount of $14,116.43 and is based on a junior mortgage held by Citi on real property located at 14167 Lincoln St., North Lawrence, OH 44666 (the "Property").

Debtor's plan (the "Plan") proposed to avoid Citi's lien and treat the Claim as wholly unsecured. Citi filed an objection to confirmation on August 31, 2015, arguing that there was equity in the Property and that Debtor's proposed treatment of its Claim was impermissible. On December 15, 2015, an agreed order (the "Agreed Order") was entered resolving Citi's objection to confirmation. The Agreed Order provides in relevant part that: (1) there is no equity in the Property to secure Citi's mortgage; and (2) Citi's mortgage shall be released and extinguished upon completion of the bankruptcy case and issuance of a discharge order.[1]

The Plan was confirmed on November 5, 2015 and modified on January 29, 2018. The Plan is a 60-month plan and provides a 100% dividend to general unsecured creditors. On January 25, 2016, the chapter 13 trustee (the "Trustee") filed a Notice of Intent to Pay Claims (the "Notice"). In the Notice, Citi's Claim is listed as an allowed, fully unsecured claim in the amount of $14,116.43. The Notice also provides that, unless an interested party files an objection, the claims listed in the Notice will be allowed and treated by the Trustee in the manner provided by the Notice.

In the Objection, Debtor asks the court to disallow the Claim in its entirety and return funds on hand associated with the Claim to Debtor. The basis for the Objection is that Citi's mortgage was released, and the Trustee is treating the Claim as a general unsecured claim. Furthermore, the Trustee has been unable to locate Citi and Citi has not filed a Notice of Change of Address.

## DISCUSSION

A proof of claim filed under 11 U.S.C. § 501 is "deemed allowed" unless a "party in interest" objects. 11 U.S.C. § 502(a); see also Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."). But even when a party in interest objects, the court must allow the claim unless it falls into one of the nine enumerated exceptions in 11 U.S.C. § 502(b)(1)-(9). 11 U.S.C. § 502(b); Travelers Cas. & Sur. Co. of Am. v. PG&E, 549 U.S. 443, 449 (2007). The party objecting to a properly filed proof of claim bears the burden of producing evidence which, if believed, refutes at least one of the allegations that is essential to the legal sufficiency of the claim. Kelly v. Mace (In re Mace), 573 F. App'x 490, 497 (6th Cir. 2014) (citation omitted).

---

[1] In the Sixth Circuit, "modification of the rights of a totally unsecured homestead mortgagee is permitted by [11 U.S.C.] § 1322(b)(2)." Lane v. W. Interstate Bancorp (In re Lane), 280 F.3d 663, 665 (6th Cir. 2002).

2

In the Objection, Debtor does not identify any of the grounds for disallowance enumerated in § 502(b).[2]  For that reason alone, the Objection can be overruled.  But more importantly, the claims objection process is not applicable here because 11 U.S.C. § 347(a), which addresses the disposition of unpaid checks from the trustee, governs this matter.

Section 347 of the Bankruptcy Code provides in relevant part:

> Ninety days after the final distribution under section 726, 1226, or 1326 of this title in a case under chapter 7, 12, or 13 of this title, as the case may be, the trustee shall stop payment on *any* check remaining unpaid, and *any* remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28.

11 U.S.C. § 347(a) (emphasis added).  Under chapter 129 of title 28, the funds are "deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court."  28 U.S.C. § 2041.  If the funds remain unclaimed after five years, the funds are "deposited in the Treasury in the name and to the credit of the United States."  28 U.S.C. § 2042.  The funds cannot be withdrawn except upon petition of the claimant, notice to the United States Attorney, "full proof of the right" to the funds, and upon order of the court.  Id.  Indeed, "[u]nder chapter 129's requirements and due process principles, the Court has the duty to make sure that unclaimed funds are disbursed to their true owner."  In re Scott, 346 B.R. 557, 558 (Bankr. N.D. Ga. 2006) (citation omitted).[3]

"Section 347(a) is as straightforward as it gets.  If a creditor does not negotiate a check, and that check remains uncashed 90 days after the final distribution, the funds represented by that check are deemed unclaimed funds and are to be deposited into the Court's registry in trust for the creditor.  Period.  The funds belong to the claimant holding an allowed claim."  In re Cunningham, No. 13-02021, 2017 Bankr. LEXIS 3372, at *9 (Bankr. M.D. Tenn. Oct. 3, 2017) (denying trustee's motion to disallow claim under 11 U.S.C. § 502(j) when trustee could not locate creditor during chapter 13 case); see also In re Sischo, No. 10-08600, 2014 Bankr. LEXIS 3526, at *5, 6 (Bankr. W.D. Mich. July 30, 2014) (overruling chapter 13 debtors' objection to claim of unlocated creditor and explaining that, when "the entity the Trustee is required to pay pursuant to the confirmed plan and proof of claim has returned the dividend check uncashed or 'unclaimed,' [§ 347(a)] provide[s] for this situation."); but see In re Lee, 189 B.R. 692, 697 (Bankr. M.D. Tenn. 1995) (permitting trustee to disallow previously allowed claim pursuant to §

---

[2]  Nor does Debtor cite any legal authority in support of the Objection.

[3]  In order to obtain unclaimed funds in this District, a claimant (or its authorized representative) must file a request using a form petition (the "Petition") available from the Clerk and the court's website.  Local Bankruptcy Rule ("LBR") 3011-1(a), (b).  The Petition requires the claimant to set forth, among other things, the amount of the distribution and evidence of the funds due.  The claimant is also required to certify, under penalty of perjury, that the statements and information contained in the Petition are true and accurate.  If the Petition is satisfactory, the court will enter an order authorizing payment of the unclaimed funds to the claimant.  LBR 3011-1(c).  See, e.g., In re Beachy, No. 10-62857, 2016 Bankr. LEXIS 1084 (Bankr. N.D. Ohio April 5, 2016).

502(j) when trustee could not locate creditor during active chapter 13 case).

Unlocated creditors have property rights in their distributive shares of funds of a bankruptcy estate.  Leider v. United States Treasury Dep't, 301 F.3d 1290, 1296 (Fed. Cir. 2002).  But those property rights would be diminished, and § 347(a) would be rendered meaningless, if a trustee or a debtor could simply ask the court to disallow a claim every time the trustee was unable to locate a creditor during a case.  See In re McDowell, 578 B.R. 786, 791 (Bankr. M.D. Tenn. 2017) ("If Congress intended that all claims wherein a disbursement check is not negotiated should be deemed disallowed *except* where the final distribution check remains unnegotiated, it would have stated so in the statute.").  In this case, the funds on hand for the Claim belong to Citi—not Debtor.  And if the funds remain unpaid 90 days after the Trustee's final distribution under 11 U.S.C. § 1326, they must be paid into the court for disposition as unclaimed funds pursuant to § 347(a).

The court will enter a separate order overruling the Objection.

#     #     #

**Service List**:

Darryl S Bair
14167 Lincoln Street W.
North Lawrence, OH 44666

Jennifer Elizabeth Donahue
Rauser & Associates LP
401 W. Tuscarawas Street
Suite 400
Canton, OH 44702

Dynele L Schinker-Kuharich
Office of the Chapter 13 Trustee
200 Market Avenue North, Ste. LL30
Canton, OH 44702

CitiFinancial Servicing LLC
P.O. Box 6043
Sioux Falls, SD 57117-6043

4